IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KRISTOPHER KEALOHA | ) | CIVIL NO. 05-00009 ACK KSC |
| | ) | |
| Plaintiff, | ) | REPORT OF THE SPECIAL |
| | ) | MASTER REGARDING BILL OF |
| vs. | ) | COSTS |
| | ) | |
| STATE OF HAWAII, DEPARTMENT | ) | |
| OF PUBLIC SAFETY, AND LEE | ) | |
| FIELDS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS

On May 14, 2007, Defendants State of Hawaii,

Department of Public Safety, and Lee Fields

("Defendants") filed Defendants' Bill of Costs ("Bill

of Costs").  Defendants request that the Court tax

costs in the amount of $1,718.87 against Plaintiff

Kristopher Kealoha ("Plaintiff").  On May 30, 2007,

Plaintiff filed Objections to Defendants' Bill of Costs

("Objections").[1]

_____

[1]Plaintiff filed his Objections to Bill of Costs
sixteen (16) days after he was served with Defendants'

Defendants, as the prevailing party in this action, seek the following costs: (1) $159.00 for clerk and marshal fees; and (2) $1,559.87 for transporting inmate Kristopher Kealoha to court from Halawa Correctional Facility on April 17 and 18, 2007. Plaintiff objects to all costs and claims that he should not be required to pay Defendants' costs because he is indigent.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d).  While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Although Rule 54(d) creates a presumption in favor of awarding costs, the losing party may overcome

---

Bill of Costs and therefore his Objections were untimely filed.  Local Rule 54.2(d) requires the party against whom costs are claimed to file objections within eleven (11) days after being served.

that presumption by showing why costs should not be
awarded.  <u>Carter v. Univ. Of Haw</u>., 176 Fed. Appx. 815,
816 (9th Cir. 2006). Courts have considered the losing
party's financial resources, misconduct on the part of
the prevailing party, the importance and complexity of
the issues, the merit of plaintiff's case, and the
chilling effect on future civil rights litigants of
imposing high costs when deciding to deny costs.  <u>Save</u>
<u>Our Valley, v. Sound Transit</u>, 335 F.3d 932,945-946 (9th
Cir. 2003).

     While the record shows that Plaintiff is of
limited resources,[2] the record also shows that
Plaintiff's case was based on his own incredible
testimony concerning the dates and events crucial to
his lawsuit.  <u>See</u> Findings of Fact, Conclusions of Law,
and Decision ¶32, ¶36, and ¶37.  In addition, there is
no evidence of any  misconduct on the part of the

_____

     [2]Plaintiff filed an In Forma Pauperis application
on 6/01/2007.  Based on the information contained in
the application, Plaintiff appears to be indigent.  For
example, Plaintiff's average monthly deposit is $36.67.

Defendants.   Finally, the imposition of costs in this
case should not have a chilling effect on future civil
rights litigants, and it might encourage litigants to
"exercise discretion and judgment in their litigious
activities and accept the consequences of their costly
lawsuit."  McGill v. Faulkner, 18 F.3d 456, 460 (7th
Cir. 1994).   For the aforementioned reasons,
Plaintiff, despite his indigence, has failed to
overcome the presumption in favor of awarding costs
under Rule 54(d).

Defendants seek a total of $1,718.87 in costs
representing the fees of the clerk and marshal
($159.00) and the cost of transporting inmate-plaintiff
Kristopher Kealoha to and from Halawa Correctional
Facility ($1,559.87).   The Court has the authority to
tax costs for fees of the clerk and marshal under 28
U.S.C. § 1920(1).   Accordingly, the Court FINDS and
RECOMMENDS that costs for fees of the clerk and marshal
be taxed against Plaintiff.

Regarding the transport costs requested,
Defendants do not cite to any authority that justifies

4

an award of these costs.  While 28 U.S.C. § 1920(3) and
Local Rule 54.2(f)(3) allow for transport costs of
witnesses, they do not authorize transport costs of
parties to and from prison in order to participate in
litigation.  Since the Court is not aware of any rule
authorizing an award of costs associated with
transporting a party-litigant to and from prison, the
Court declines to tax such costs.  See Sales v.
Marshall 843 F.2d 115, 120 (6th Cir. 1989) (holding
that 28 U.S.C. § 1920 and § 1821 do not authorize a
district court to tax costs associated with
transporting a prisoner-litigant from prison to court).
Consequently, the Court FINDS and RECOMMENDS that
Defendants' request for costs associated with the
transportation of Plaintiff-inmate be DENIED.

        Accordingly, the Court finds that Defendants
should be awarded $159.00 for clerk and marshal fees
pursuant to 28 U.S.C. § 1920(1).  The Court hereby
FINDS and RECOMMENDS that the Clerk be directed to tax
costs in the amount of $159.00 against Plaintiff.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, June 14, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 05-00009 ACK-KSC; KRISTOPHER KEALOHA V. STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, AND LEE FIELDS, REPORT OF THE SPECIAL MASTER REGARDING BILL OF COSTS

6